IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ARLANDO T. LATHAM,

                Plaintiff,

       v.                        CASE NO.  07-3268-SAC

MARCIE VANHOOSE,

                Defendant.

O R D E R

    This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Plaintiff alleges that he was initially approved to attend his son's funeral service on June 4, 2007, but approximately two hours before he was to go, defendant Ms. Vanhoose rescinded his funeral leave. Plaintiff alleges he was told the denial was due to his having a "gang point," which he claims is without factual basis.  He also claims he was having a mental breakdown and "not being treated right by the facility mental health staff".  He alleges pain and suffering and that he is crying, not eating as much, feels lost, and is slow to react.

    It appears plaintiff exhausted his administrative remedies on his complaint regarding his son's funeral service, and was told the decision to deny funeral leave was made after "further investigation by the classification department."  He seeks two million dollars in damages as well as future hospital visits for his "lifetime problem" and weekly counseling meetings, with the bills paid.


**INITIAL PARTIAL FILING FEE**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $109.01, and the average monthly balance is $33.09.  The court therefore assesses an initial partial filing fee of $21.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].  Plaintiff shall be given thirty (30) days to submit the assessed, initial partial filing fee of $21.50.  If he fails to submit the fee as ordered, this action may be dismissed, without further notice, for failure to satisfy the filing fee requirement.

**SCREENING**

Because Mr. Latham is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a claim of federal constitutional

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

violation.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff herein alleges he was wrongfully denied the opportunity to attend his son's funeral, but he does not allege sufficient facts indicating his federal constitutional rights were violated. Persons serving terms of imprisonment have no constitutional right to leave the prison and attend outside functions, and unfortunately that includes serious, personal life events.

With regard to plaintiff's complaint that his leave was rescinded due to a bogus "gang point," he does not allege sufficient

supporting facts such as when the "gang point" was actually assigned, by whom, and for what administrative purpose, or that he has challenged it in his record without success.  In his exhibited prison grievance, plaintiff stated somewhat differently that he was told by defendant Vanhoose, "your little brother just got out of jail and he is a known gang member."  In any event, a challenge to an inmate's prison security classification is not grounds for relief under 42 U.S.C. § 1983.  In sum, plaintiff fails to allege sufficient facts indicating the decision to deny him this privilege based upon allegedly erroneous classification information was unconstitutional, or that he is entitled to money damages as a result.

Furthermore, under 42 U.S.C. § 1997e(e), an inmate may not bring a federal cause of action for mental or emotional injury absent a prior showing of physical injury.  The statute specifically provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Id.  Thus, to the extent plaintiff alleges emotional and mental injuries (and seeks associated damages), his claims must be dismissed.

Plaintiff's claim that he has had a mental breakdown and has not received proper treatment is completely conclusory.  He does not allege that he has been diagnosed by a doctor with a mental condition, or that he has presented with obviously serious symptoms on certain dates at the prison medical facilities and has been denied treatment by named medical staff.

Plaintiff shall be given thirty (30) days to show cause why

4

this action should not be dismissed for failure to state a federal constitutional claim based on denial of funeral leave, and for failure to allege facts in support of a federal constitutional claim of denial of treatment.  If he fails to adequately respond within the time allotted this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 21.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the assessed fee as ordered may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff must submit additional facts sufficient to support a federal constitutional claim and show cause why his claims should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge